United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10530
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASPER JEROME WILLIAMS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-385-5-H

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jasper Jerome Williams, federal prisoner # 32904-077, appeals
the district court's denial of his postconviction motion requesting
that the Government be made to file a motion for a downward
departure of Williams's sentence based upon his substantial
assistance. Williams states that he provided substantial
assistance after the Government in April 2002 had filed and the

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court had granted a postconviction FED. R. CRIM. P. 35(a) motion for a downward departure and that the Government promised to file another Rule 35 motion.[*]  He seeks for this court to compel the Government to file a motion for a downward departure or to order the district court to conduct an evidentiary hearing.

The Government's failure to file a Rule 35 motion for a downward departure is discretionary and not reviewable unless the defendant makes a substantial threshold showing that the Government's refusal was based upon unconstitutional motives, such as the defendant's race or religion.  *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Urbani*, 967 F.2d 106, 109 (5th Cir. 1992).  *See also United States v. Sneed*, 63 F.3d 381, 388-89 n.6 (5th Cir. 1995).  Williams has not made such a showing (nor indeed has he alleged any such motives).

AFFIRMED.

---

[*]The Government had also filed prior to Williams's May 7, 1999, sentencing a motion for downward departure under § 5K1.1 of the Sentencing Guidelines, based on Williams's substantial assistance, and at sentencing the district court granted that motion.  Williams's plea agreement provided in part "[a] motion for downward departure from the applicable guidelines under U.S.S.G. § 5K1.1 will be filed by the Government *if, and only if*, in the *sole discretion* of the United States Attorney for the Northern District of Texas, it is determined that the Defendant had rendered substantial assistance to the Government in its investigation and prosecution of others."  (emphasis added).